UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN M. SMITH, WILLIAM VON SMITH, and MICHAEL LEE SMITH,    Plaintiffs | : : : : |
| v. | : CASE NO. 1:15-CV-2068 |
| DEPARTMENT OF WELFARE CHILD SUPPORT ENFORCEMENT, *et al.*,    Defendants | : : : : : |

*M E M O R A N D U M*

*I.     Background*

Plaintiff Marilyn M. Smith ("Smith") filed this pro se civil action in October of 2015, initially naming as defendants the "Department of Welfare Child Support [E]nforcement" and "Supply Depot." (Doc. 1). No other identifying information for the defendants was provided. (Id.) Smith also filed a motion for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. (Doc. 17). In March of 2016, she filed an amended complaint. (Doc. 13). None of these filings was signed by any listed plaintiff other than Smith, and Smith did not explain why or how she was filing a lawsuit on behalf of the other plaintiffs listed in the caption. On multiple occasions Smith also filed various miscellaneous documents without any explanation as to their relevance to her lawsuit. (See Docs. 5, 8-12, 14, 15).

On June 6, 2016, this court issued a memorandum opinion and order addressing Smith's filings. (Doc. 19). In that opinion, after reviewing Smith's pro se

pleadings, as required under 28 U.S.C. § 1915(e)(2), the court dismissed her lawsuit without prejudice for failure to state a claim upon which relief may be granted. (Doc. 19 at 3-5); see also 28 U.S.C. § 1915(e)(2)(B)(ii). The court permitted Smith to file a second amended complaint by June 24, 2016, (Doc. 19 at 5), and also outlined the standards for sufficient civil pleading, (id. at 4).

Smith failed to comply with the court's order. While she did file a document entitled "Facts" on June 13, 2016, (Doc. 21), and some documents several weeks later that are completely unrelated to her lawsuit, (Doc. 22), she did not timely file a second amended complaint as ordered. Not until November 3, 2016—132 days after the court-imposed deadline—did Smith file a second amended complaint. (See Doc. 23).

Smith also filed a new civil lawsuit the following day, Smith v. Garrnet, No. 1:16-CV-02236 (M.D. Pa. Nov. 4, 2016), which contains similar claims as those in the instant lawsuit. Smith named a litany of defendants in her second lawsuit, some named in her first lawsuit and some who are new.[1] Id., ECF No. 1. She also filed a motion for leave to proceed in forma pauperis on this lawsuit as well. Id., ECF No. 2. She then amended the second case's complaint on December 21, 2016. Id., ECF No. 3.

Because the lawsuits are based on the same underlying claims, the court will consolidate and consider them together as one lawsuit,[2] under case number 1:15-CV-02068. For the following reasons, the consolidated action will be dismissed with prejudice.

---

[1] Strangely, Smith lists "Abraham Lincoln, President Serial Killer" as one of the many named defendants in her second lawsuit. Id., ECF No. 3 at 1.

[2] See FED. R. CIV. P. 42(a)(2).

*II.*     *Standard of Review*

Title 28, U.S.C. § 1915(e)(2)(B)(ii) states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Davis v. Samuels, 608 F. App'x 46, 48 (3d Cir. 2015) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

"In considering a Rule 12(b)(6) motion, courts must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "While 'accept[ing] all of the complaint's well-pleaded facts as true,' the district court 'may disregard any legal conclusions.'"  Id. (quoting Fowler, 578 F.3d at 210-11).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers[.]'"  Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  Jackson v. Div. of Developmental Disabilities, 394 F. App'x 950, 951 n.3 (3d Cir. 2010) (per curiam) (nonprecedential) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).

*III.*     *Discussion*

Initially, the court notes that Smith did not file her second amended complaint until more than four months after the court-imposed deadline of June 24, 2016. This failure to prosecute alone is sufficient grounds for dismissal of Smith's case. See Roberts v. Ferman, 826 F.3d 117, 122-23 (3d Cir. 2016) (noting district courts have power to dismiss for failure to prosecute in response to blatant failure to comply with court orders as part of their "inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion" in their dockets).

Even taking into consideration the "Facts" document filed by Smith on June 13, 2016, (Doc. 21), together with the second amended complaint filed on November 3, 2016, (Doc. 23), as well as the pleadings filed in the second civil lawsuit, Smith still completely fails to state a claim for which relief can be granted. None of Smith's pleadings contain sufficient factual allegations or coherent claims that could survive the Rule 12(b)(6) standard set forth above, even under relaxed pro se pleading requirements.

As this court noted in its June 6, 2016 memorandum opinion, (Doc. 19 at 3), Smith's pleadings often fail to go beyond broad legal conclusions such as "gross negligence," "ineffective counsel," and "assault and battery." (See Doc. 1 at 2; Doc. 13). The complaint and amended complaint in her first lawsuit also frequently fail to identify which defendant or defendants allegedly caused the particular harm. (Id.)

The "Facts" document and the second amended complaint contain only slightly more coherent factual allegations. Smith appears to allege that an agent of Harrisburg State Hospital—a defendant named only in her second amended complaint, (see Doc. 23 at 1)—physically assaulted and battered Smith around January of 2000.

(Doc. 23 at 4; Doc. 13; 1:16-CV-02236, ECF. No. 1 at 2). Smith's filings also appear to raise employment discrimination claims of race discrimination and retaliation, which this court liberally construes as alleged violations of Title VII of the Civil Rights Act, see 42 U.S.C. §§ 2000e–2(a), 2000e–3(a). (Docs. 21 at 2, 23 at 4). While none of the pleadings in either lawsuit provides factual allegations regarding these employment discrimination claims, it does appear from a broad reading of Smith's other filings and exhibits that the basis for her discrimination claims is her termination from the Department of Public Welfare, Bureau of Child Support Enforcement in 2006 or 2007, and her termination from "Supply Depot" in 2008. (See, e.g., Doc. 21 at 16-17, 24-25). Finally, Smith's "Facts" document also appears to raise some sort of work-related injury claim based on events taking place in 2002 and 2003. (See Doc. 21 at 2-3, 5-7).

After a thorough review of Smith's filings subsequent to this court's June 6, 2016 order, it is clear that Smith has failed to follow the court's instructions regarding both timeliness and sufficient pleading. For example, for Smith's employment discrimination claims, she has provided no factual allegations that would make out a Title VII claim for race discrimination or retaliation; rather, she has provided mere legal conclusions, which are insufficient. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (explaining that "labels and conclusions" are insufficient to meet the pleading standard under the Federal Rules of Civil Procedure).

Moreover, from the face of Smith's numerous pleadings, it is also readily apparent that all of her claims have been filed well beyond their respective statutes of limitations. Normally, the statute of limitations is an affirmative defense to be raised by the defendant. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). If, however, the

running of the statute of limitations is apparent from face of the complaint filed in forma pauperis, such an issue may raised sua sponte by the court. See McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (nonprecedential) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A."); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (same).

Each of Smith's claims, as pleaded, is clearly time-barred. First, the events underlying Smith's "assault and battery" claim allegedly took place in Pennsylvania in approximately 2000. The statute of limitations in Pennsylvania for intentional tort claims sounding in assault and battery is two years. 42 PA. STAT. AND CONS. STAT. § 5524(1). Thus, the statute of limitations has long since expired for any claim of assault or battery raised by Smith in her 2015 and 2016 lawsuits.

Second, according to Smith, the adverse events underlying her employment discrimination claims took place in 2007 and 2008. In order to bring a Title VII employment discrimination claim, however, the claimant must file a charge within 180 days or 300 days of the date of the allegedly unlawful act. See 42 U.S.C. § 2000e–5(e); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Consequently, the time in which to file an employment discrimination claim under Title VII has long since passed for Smith.

Finally, in her "Facts" document, Smith raises what appears to be a work-related injury claim stemming from events that took place in 2002 and 2003. Attached to this "Facts" document is a notice of Workers' Compensation denial in April of 2003. (Doc. 21 at 7). Under Pennsylvania's Workers' Compensation Act, 77 PA. STAT. AND CONS.

STAT. §§ 1-2708, if a person claiming a work-related injury wants to challenge a Workers' Compensation claim denial, she must do so within three years from the date of injury.  See 77 PA. STAT. AND CONS. STAT. § 602.  Here, Smith's statute of limitations for her alleged work-related injuries in 2002 and 2003 would have run, at the latest, in 2006.  Accordingly, any Workers' Compensation claim Smith is attempting to assert is clearly time-barred.

*V.*		*Conclusion*

Based on the foregoing analysis, the court will consolidate Case No. 1:16-CV-02236 into the instant case, No. 1:15-CV-02423.  Furthermore, the court will dismiss the consolidated action with prejudice, as amendment would be futile.  An appropriate order will follow.

			/s/ William W. Caldwell
			William W. Caldwell
			United States District Judge